THE STATE OF FLORIDA, *Plaintiff in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error.*

In an action brought by the Railroad Commissioners against a railroad company to recover a penalty imposed by such Com-missioners against the defendant for its violation of a rule of such Commissioners, in refusing to transport freight offered to defendant for transportation, where both the declaration and the order of such Commissioners, which is attached to and made a part thereof, fail to set forth or allege the point of destination to which the defendant refused to transport the offered freight, or even that such point of destination was within the State, no error is committed in sustaining a demurrer thereto.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. C. Massey,* for plaintiff in error.

*W. E. Kay, Sparkman & Carter, W. A. Blount* and *Blount & Blount & Carter,* for defendant in error.

PER CURIAM.—This is an action brought by the railroad Commissioners in the name of the State of Florida against the Atlantic Coast Line Railroad Company, a corporation, in the Circuit Court for Orange county to recover a penalty of $500 imposed by such railroad commissioners upon the defendant for the violation of Freight Rule 3 of the commissioners, which is as follows:

"No railroad company shall decline or refuse to act as a common carrier to transport any article proper for transportation and a failure to transport such article within a reasonable time after the same has been offered for transportation shall be deemed a violation of this Rule."

The defendant interposed a demurrer to the declaration, which was sustained and final judgment entered in favor of the defendant, which the plaintiff seeks to have reviewed here by writ of error.

We find that the order of the Railroad Commissioners imposing such penalty, which is attached to and made part of the declaration, as well as the declaration itself fails to set forth or allege the point of destination to which the defendant refused to transport the offered freight, or even that such point of destination was within the State of Florida. Even if such omission or defect in the order could be aided or supplied by proper allegations in the declaration, a point which we are not now called upon to determine, the declaration contains no such allegations. In our opinion, this is fatal, and the demurrer was properly sustained. Judgment affirmed.

All concur.